NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

**No. 6071.**—Invoice dated Kobe, Japan, May 14, 1941.
Certified May 14, 1941.
Entered at New York, N. Y., June 24, 1941.
Entry No. 769812.

(Order dated November 20, 1944)

*James W. Bevans* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

ORDER

OLIVER, Presiding Judge: This is an appeal for reappraisement on certain Christmas decorations exported from Japan and entered at the port of New York. The merchandise was entered at the invoice unit prices, plus a fee for labels. The appraiser advanced the value by adding certain percentages supposedly for commission and control fees but made no report as to whether his appraisement was based on foreign or export value. Plaintiff contends that the importer purchased this merchandise from Japanese manufacturers through a commissionaire and that the item of commission forms no part of the dutiable value.

The importer, having appealed, has assumed the burden of establishing (1) the foreign value and (2) the export value, so that the higher may be taken as the basis for the assessment of duty, or to show (1) a foreign value and the nonexistence of an export value, or (2) an export value and the nonexistence of a foreign value. Being the appealing party, it was incumbent upon it "to meet every material issue involved in the case." (*Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. 36/42, T. D. 43324.)

In the case here before me plaintiff has attempted to prove that the importer purchased this merchandise at various prices arrived at after

negotiations with the various manufacturers and that Strong & Co., as commissionaires, performed services for them during the transactions for which they were paid a commission. At the conclusion of plaintiff's case the Government moved to dismiss the appeal for reappraisement on the ground that plaintiff had failed to establish a *prima facie* case in that it had failed to show at the time of exportation of this merchandise the export value was other than the appraised value, or that a foreign value did not exist, or that the foreign value, if any, was lower than the export value.

Subsequent to the submission of this case, plaintiff's counsel stated that because of certain comments by the court he did not call the examiner to testify. From the record it is evident that counsel was prepared to call the examiner to establish that the exact advance made by the appraiser was that of the commission.

I am of opinion that the interests of justice will be best served by restoring this case to the calendar for all purposes.

It is so ordered.